**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRENDA DUARTE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 17-cv-05061 |
| v. | ) | |
| | ) | Hon. Judge Sara L. Ellis |
| | ) | |
| MIDLAND FUNDING, LLC, and MIDLAND | ) | Magistrate Young B. Kim |
| CREDIT MANAGEMENT, INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S RULE 11 MOTION**
**FOR SANCTIONS**

Now Comes Plaintiff, Brenda Duarte, by and through her attorneys, and for her Response

in Opposition to Defendant's Rule 11 Motion for Sanctions, states as follows:

**INTRODUCTION AND BACKGROUND**

In response to the original creditor informing Plaintiff that the disputed account would be

sold to Defendant, Midland Funding, LLC ("Midland") and serviced by Defendant Midland

Credit Management, Inc. ("MCM"), on June 8, 2017, Plaintiff sent a written communication to

Defendants indicating that Plaintiff refused to pay the alleged debt, and that the amount reported

on Plaintiff's credit report was not accurate. *Dkt. 1, Exhibit E*. Defendants received Plaintiff's

written communication on June 8, 2017. *Dkt. 1, p. 4, ¶23*.

Plaintiff's Complaint, filed July 7, 2017, *Dkt. 1*, alleges that Defendants violated Section

1692c(c) of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692c(c), by failing to

cease communication with Plaintiff after receipt of Plaintiff's refusal to pay the alleged debt. 15

U.S.C. Section 1692c(c); *Dkt. 1, p. 24 - 31*.

Throughout this litigation, Defendant has consistently denied that it communicated with Plaintiff after receiving her refusal letter. As suggested proof, Defendant claims its letter to Plaintiff was not a communication as defined by the FDCPA.

Plaintiff filed her Motion for Summary Judgment on June 11, 2018. *Dkt. 30-33.* Defendant filed its Response/Motion for Summary Judgment on July 11, 2018. *Dkt. 42.* Plaintiff filed her Reply on August 8, 2018. *Dkt. 53.* On July 11, 2018, Defendant also filed a Rule 11 Motion for Sanctions seeking attorney fees and costs for defending the instant litigation matter. *Dkt. 46-47.* As will be shown below, Defendants have no basis for obtaining sanctions, an award of fees and costs, or for any other relief under Rule 11 of the Federal Rules of Civil Procedure against Plaintiff.

## RULE 11 AND ITS STANDARDS

Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C., provides in pertinent part as follows:

(a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name - or by a party personally if the party is unrepresented….

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after inquiry reasonable under the circumstances:

   (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

   (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

   (3) the factual contentions have evidentiary support or, if specifi-

cally so identified, will likely have evidentiary support after a
reasonable opportunity for further investigation or discovery;
and

    (4)  the denials of factual contention are warranted on the evidence
or, if specifically so identified, are reasonably based on belief
or a lack of information….

  (c)  Sanctions….

    (2)  Motion for Sanctions.  A motion for sanctions must be made
separately from any other motion and must describe the
specific conduct that allegedly violates Rule 11(b).  The
motion must be served under Rule 5,…If warranted, the court
may award to the prevailing party the reasonable expenses,
including attorney's fees, incurred for the motion….

The primary purpose of Rule 11 is to deter unnecessary complaints and other filings.
*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).  The district court, in determining
whether sanctions are warranted, examines the reasonableness of the party's position under the
circumstances. *Magnus Electronics, Inc. v. Mason Corp.*, 871 F.2d 626, 629 (7th Cir. 1989).  A
party risks sanction for failing to make a reasonable inquiry into the factual and legal basis for
the asserted claim. *Brown v. National Board of Medical Examiners*, 800 F.2d 168, 171-172 (7th
Cir. 1986).  Rule 11 establishes duties to both the opposing side and the legal system as a whole
that are designed to curb needless expense and delays and to free the courts from litigation that
strains scarce judicial resources. *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 932
(7th Cir. 1989).  If counsel files pleadings that are not reasonably based in law or in fact, or that
are designed to harass, then "'the court upon motion or upon its own initiative, shall impose… an
appropriate sanction'". *Brown v. Federation of U.S.*, 830 F.2d 1429, 1433 (7th Cir. 1987)
(quoting Rule 11).  Fees are awarded…only when the failure to investigate leads to the taking of
an objectively unreasonable position. *FDIC v. Elefant*, 790 F.2d 661, 667 (7th Cir. 1986).  An

investigation's reasonableness must be assessed in light of the circumstances of each case. *Matter of Yagman*, 796 F.2d 1165, 1182 (9th Cir. 1986).  An investigation need not lead to certainty to be reasonable.  *Nemmers v. United States*, 795 F.2d 628, 632 (7th Cir. 1986).  A complaint based upon a reasonable inquiry should not be found to be factually frivolous unless some clear authority or a litigant's own clear admission erases the factual underpinning from some essential element of the litigant's pleading.  *Greenberg v. Sala*, 822 F.2d 882, 887 (9th Cir. 1987).  The relevant inquiry is whether the pleader presented an objectively reasonable argument in support of her view of what the law is or should be.  *National Wrecking Co. v. International Brotherhood of Teamsters*, 990 F.2d 957 (7th Cir. 993) (reversing sanctions imposed in the arbitrator's award because the claims, although losers, did not rise to the level of groundlessness required for Rule 11 sanctions).  Certainly, it is not improper to file a non-frivolous claim in the hope of getting paid. *Vollmer v. Selden*, 350 F.3d 656, 660 (7th Cir. 2003).  A complaint might be filed with no pre-complaint investigation whatsoever, but if the purpose was not improper and the alleged facts turn out to be true and the plaintiff prevailed in the suit, there would be no basis for imposing sanctions.  *Fiala v. B & B Enterprises, et al.*, 783 F.2d 847, 852 (7th Cir. 2013).

**PLAINTIFF'S COUNSEL CONDUCTED A REASONABLE INVESTIGATION INTO THE *FACTUAL* BASIS FOR THE ASSERTED CLAIM**

Undersigned counsel's investigation of the factual basis for the asserted claim consisted of consultations with Plaintiff, review and investigation of her financial information, confirmation that Plaintiff sent her dispute information on June 8, 2017 to Midland Credit Management, Inc. review of the June 28, 2018 letter sent to Plaintiff, and an investigation of Defendants.

Despite Defendants' arguments that its letter was not a communication as defined by the FDCPA, that fact is one that must be determined by the Court.  Defendants base the crux of their

argument for sanctions on a legal conclusion it does not have the authority to establish. Defendant claims that its June 28, 2017 letter to Plaintiff is not a communication because it falls with the statutory exception that the letter's purpose was to inform Plaintiff that it would not contact her regarding the debt. *Dkt. 46, p. 4*. However, the letter must be interpreted through the lens of the unsophisticated consumer. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994). The letter included a "Current Balance" and language that said the collector's account information was "correct", which caused Plaintiff to interpret the letter as communication saying that she must pay the debt. *Dkt. 33, Ex. A, Pg. 72:16 – 77:8*. Plaintiff was annoyed because she believed Defendants were not supposed to contact her after receiving her refusal. *Id. at Pg. 73:18-23*.

Defendants try to support their argument by asserting the legal conclusion that its letter was not a "communication" as defined by the FDCPA and by highlighting the fact that Plaintiff is a Legal Assistant Independent Contractor. However, these assertions are irrelevant, as Defendants do not have the authority to establish a legal conclusion and Plaintiff is not an attorney and is thus an unsophisticated consumer. Defendants' assertions are irrelevant distractions from the violation that occurred June 28, 2017, upon which Plaintiff's case is based. A single violation of the FDCPA triggers statutory liability and remedies. *Morgan v. Credit Adjustment Board, Inc.*, 999 F.Supp. 803 (E.D. Va. 1998); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Ruth v. Triumph Partnerships, et al.*, 577 F.3d 790 (7th Cir. 2009), where the degree of the defendant's culpability is relevant only in computing damages, not in determining liability. *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993). Plaintiff, an unsophisticated consumer, reasonably interpreted that the letter asserted she owed the debt and must pay.

## PLAINTIFF'S COUNSEL CONDUCTED A REASONABLE INVESTIGATION INTO THE *LEGAL* BASIS FOR THE ASSERTED CLAIM

Defendants rely heavily on *Tejero v. Portfolio Recovery Assocs. LLC*, however, the instant case is distinguishable from *Tejero* in that the motion for sanctions in *Tejero* involved settlement negotiations and an Rule 68 offer of judgment. 2018 U.S. Dist. LEXIS 56236 (W.D. Tex. April 2, 2018). However, the instant case and Defendant's motion do not involve the same issues. Defendants motion for sanctions engages in a discussion of the merits of the case, instead of the standards for Rule 11 sanctions.

Moreover, undersigned counsel also researched the Fair Debt Collection Practices Act (FDCPA), and found that a letter that did not request payment nevertheless was in connection with attempt to collect debt. *See Gburek v. Litton Loan Servicing LP,* 614 F.3d 380 (7th Cir. 2010). Undersigned counsel also researched *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, which found that a dunning letter that "relates to the enforcement of a security interest does not prevent it from also relating to the collection of a debt within the meaning of the FDCPA." 678 F.3d 1211 (11th Cir. 2012). Just as in *Reese*, a dunning letter related to a debt which lists a current balance and attempts to verify that the consumer owes the debt does not prevent the letter from relating to the collection of the debt.

Undersigned counsel also found that the Act is a strict liability statute. The FDCPA prohibits debt collectors from making false, fraudulent, deceptive, or misleading representations in conducting debt collection activities. The FDCPA was "enacted to address the problem of debt collectors attempting to collect paid debts or attempting to collect debts by engaging in harassment and/or deceptive or unfair collection practices." *Johnson v. Capital One Bank*, No. CIV.A. SA00CA315EP. 200 WL 1279661, at *1 (W.D. Tex. May 19, 2000). Section 1692e of the FDCPA broadly prohibits debt collectors from using "any false, deceptive, or misleading

representation or means in connection with the collection of any debt." This includes, but is not limited to, falsely representing "the character, amount, or legal status of any debt," Section 1692e(2)(A); "threat [ening] to take any action that cannot legally be taken," Section 1692e(5); and using any "false representation or deceptive means to collect or attempt to collect any debt." Section 1692e(10). Congress "clearly intended the FDCPA to have a broad remedial scope." *Serna v. Law Office of Joseph Onwuteaks, P.C.*, 732 F.3d 440, 445 (5th Cir. 2013) (quoting *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002)). The FDCPA should therefore "be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002); *see also Serna*, 732 F.3d at 445 n. 11. *Carter*, supra, 135 F.Supp.3d 565, 568, 569.

The FDCPA provides a private civil remedy against debt collectors that violate the Act. 15 U.S.C. Section 1692k. The legislative history of the FDCPA supports the view that "this legislation is primarily self-enforcing; consumers who have been subjected to collection abuses will be enforcing compliance." S.Rep. No. 382, 95th Cong., 1st Sess. 5, *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696. Because the FDCPA is a remedial statute, it should be construed liberally in favor of the consumer, and when in doubt, against debt collectors. *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 741 (7th Cir. 2004); *Heathman v. Portfolio Recovery Associates, LLC*, 2013 WL 3746111 (S.D. Calif. 2013); *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 705 (9th Cir. 2010); *Cirkot v. Diversified Fin. Servs., Inc.*, 839 F.Supp. 941, 944 (D. Conn. 1993); *N.C. Freed Co. v. Board of Governors*, 473 F.2d 1210, 1214 (2d Cir. 1973).

A plaintiff need not prove intent, bad faith or negligence on the part of the debt collector in an FDCPA case. The "FDCPA is a strict liability statute," and proof of one violation is sufficient to support summary judgment for the plaintiff. *Hartman v. Meridian Financial Servs.*,

7

*Inc.*, 191 F.Supp.2d 1031, 1046 (W.D. Wis. 2002) (emphasis added); *Randolph v. IMBS, Inc.*,

368 F.3d 726, 730 (7th Cir. 2004); *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). The

requirements of the FDCPA are "hyper-technical." *Bailey v. Security Nat. Servicing Corp.*, 154

F.3d 384, 387 (7th Cir. 1998). "Congress painted with a broad brush in the FDCPA to protect

consumers from abusive and deceptive debt collection practices, and courts are not at liberty to

excuse violations where the language of the statute clearly comprehends them…". *Pipiles v.*

*Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27 (2d Cir. 1989).

Defendants complain in their Rule 11 Motion about the number of cases filed by the

undersigned counsel. *Dkt. 46, p. 2.* However, the undersigned counsel's other good faith filings

are irrelevant to a discussion as to whether the instant matter was filed in good faith.

Undersigned counsel conducted a reasonable inquiry into the *legal* basis for this asserted claim.

## CONCLUSION

This herein litigation matter was filed by Plaintiff to vindicate her rights pursuant to the

FDCPA. The action was necessary, proper, and not frivolous, and was filed after undersigned

counsel conducted a reasonable inquiry and investigation of the facts and law in compliance with

the standards of Rule 11 and all other prevailing, controlling, legal authority. Because our

system of jurisprudence is designed to ensure that all disputants with colorable claims have

access to the court, and because of the reluctance to constrain the discretion of attorneys in the

vigorous advocacy of client interests, and for the reasons and authorities set forth above,

Plaintiff, Brenda Duarte, respectfully requests that Defendants, Rule 11 Motion for Sanctions be

denied.

Respectfully Submitted,

8

9

s/Celetha C. Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group. Ltd.**
73 W. Monroe, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

**CERTIFICATE OF SERVICE**

I, Celetha C. Chatman, an attorney, hereby certify that on August 16, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: August 16, 2018**                                        Respectfully submitted,


By:    /s/ *Celetha C. Chatman*

10